Judge Owsley
delivered the opinion of the court.*
John Haggin, Thomas Respass, and John Breckenridge, claiming an interest in an entry of one thousand acres of land, entered in the name of John Milton, and which was patented in their own names, agreed with Thomas M'Clanahan, the proprietor of an adverse claim of 2,260 acres, which conflicted with theirs, to submit the validity and final determination of their respective claims to the decision of *578 arbitrators, by them mutually chosen. The agreement was accordingly reduced to writing, signed and sealed by the parties, and under the act of assembly in such cases provided, made an order of the district court, sitting at Paris in 1799.
In pursuance to the submission and order of court, the arbitrators agreed upon and made out an award, among other things, sustaining the 1000 acre entry in the name of Milton, and decreed that it should be surveyed in a square, barely including in the centre of the southern line, the head of the west fork of Cooper’s run, and extending down the fork so as to include equal quantities on both sides; and for so much of the land in contest as would be included in a survey previously made, the arbitrators awarded that M’Clanahan should convey to Haggin, Respass and Breckenridge; and for the purpose of ascertaining the same by metes and bounds, the surveyor of Bourbon county was directed to go upon the land and lay down the same according to the principles of the award, &c.
The award was subsequently returned and made the interlocutory decree of the court; and the surveyor having made his report, the court, at the July term, 1802, pronounced a final decree, awarding M’Clanahan to convey according to the metes and bounds designated in the report of the surveyor, beginning, (as the report describes it) at a sugar tree and buck eye at the intersection of the line of Milton’s survey, as made with the line of the same when surveyed according to the award, and thence extending, describing the courses, distances and corner trees specially, to two small beeches, standing also at the intersection of the line of the survey of Milton, as made with the line thereof when made according to the award of the arbitrators, and thence with the line as surveyed, to the beginning.
In 1818 Haggin, together with the other complainants in this cause, exhibited their bill in the Bourbon circuit court, setting forth the preceding circumstances, and alleging that no conveyance has ever been made in pursuance to the final decree; that commissioners were appointed under the decree to assess the improvements upon the land; and that supposing the land now in contest was recovered under the decree, the commissioners valued the improvements thereon, and the same has been paid for by the complainants; that the complainants, other than Haggin, have become interested in the land since the final decree was *579 rendered; and that they have lately discovered that is executing the interlocutory decree, the surveyor, in marking the two beeches, committed a mistake; that instead of their being on the line of Milton’s survey as made, they are found to be several poles north thereof, and that by extending a direct line therefrom to the beginning, the complainants will loose about six acres of land, including a valuable spring, to which, according, to the award and interlocutory decree, they are entitled;—they pray a review and correction of the mistake, and ask that the decree, when corrected, may be enforced, and general relief, &c.
Persons purchasing lands decreed to their vendor, but for which no conveyance has been made, may properly apply to chancery to have the benefit of the decree, and compel a conveyance to themselves
In a bill of review to correct a mistake in a former decree, relief will not be granted, if the fact in which the mistake is supposed to exist was directly in issue in the former suit, and the mistake subject to detection by reasonable diligence.
The defendants, claiming under M’Clanahan, demurred to so much of the bill as asked a review and correction of the mistake; and the court having sustained the demurrer, dismissed the bill for so much; and the defendants failing to answer the residue of the bill, the court ordered the same to be taken as confessed, and decreed a conveyance should be made to the complainants according to the original decree. From the decree thus pronounced, the complainants appealed to this court.
There is no doubt but the complainants, in exhibiting their original bill, have adopted the correct remedy for the purpose of enforcing the final decree pronounced upon the award of the arbitrators. Such of the complainants as have acquired an interest in the land since the decree, could not have obtained a conveyance by applying to the court in a summary way, and having no other means of obtaining the benefit of the decree, it was proper for them, in conjunction with Haggin, a party to the decree, to exhibit their original bill for the purpose of compelling a conveyance.
But whilst the propriety of their application to the court to enforce the decree is admitted, the principle is not perceived upon which the mistake, alledged to have been committed by the surveyor, can be corrected. If the mistake exists, it is not apparent from any thing contained in the record, and can only be ascertained by the introduction of evidence not before the court when the decree was finally pronounced. It is obvious, therefore, that in deciding upon the propriety of correcting the mistake, those principles must govern which regulate and control bills brought to review final decrees upon the discovery of new evidence.
According to those principles, it is perfectly clear the complainants have shewn no sufficient cause for a correction of the mistake. The mistake is not only alledged to *580 exist in relation to a fact involved directly in the contest existing between the parties previous to the rendition of the final decree, but it is moreover apparent that, by due and proper diligence, the mistake might have been previously discovered by the complainants; and it is an established rule, that, neither the discovery of witnesses to prove a fact before in issue, nor the forgetfulness or negligence of parties, form a ground for a bill of review. Har. Pr. 342; 2 Equity cases abridged, 176.
It is true, the mistake may be said to be more properly the act of the surveyor than that of the parties, but it was certainly incumbent upon them as suitors ordinarily attentive to their own interest, to see that the surveyor, in executing the interlocutory decree, performed correctly the duties assigned him. The parties must have known, that, according to the award and interlocutory decree, the head of the west fork of Cooper’s run, as well as its various meanders, would not only produce an essential effect upon the position which the survey of Milton’s entry, as directed to be laid down, must assume, but also an important bearing upon the final decree to be rendered. It must, therefore, have been inexcusible negligence in the parties, when the surveyor was about to execute the duties assigned him by the award and interlocutory decree, not to have accompanied him in laying down the claims. And as by accompanying the surveyor, and pursuing the lines of Milton’s survey previously made, the complainants might have certainly known whether the corner marked by the surveyor was on the line, their not having discovered the mistake previous to the final decree, must be ascribed to their own laches. It results, therefore, that their having discovered the mistake since the decree, when it might, by proper diligence, have been known previously, cannot form sufficient grounds for its correction; and more especially when the mistake is alledged to have been committed in relation to a fact directly involved in the contest then existing between the parties.
But upon the supposition of the mistake not being corrected, it is objected, that a decree should have been made compensating the complainants for the amount which they have paid the defendants for improvements made upon the land.
To this objection it may be answered, that there is no suggestion in the bill what sum has been paid for those im *581 provements, and the record is totally destitute of any evidence by which it can be known.
The decree must therefore be affirmed with cost.
[On rendering this opinion, the counsel for the appellants prayed for a rehearing: the court took the case under advisement, and at the fall term, 1820, overruled the petition. The report is therefore made as of the fall term.]

Absent, Judge Mills.